UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD C. WILLIAMS,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 1:11-0396** |
| v. | : | |
| | | **(RAMBO, D.J.)** |
| **JOSEPH P. NISH, KAREN ROGERS SWEENEY, WAYNE J. GAVIN, and PENNSYLVANIA ATTORNEY GENERAL,** | : | **(MANNION, M.J.)** |
| | : | |
| | : | |
| **Defendants.** | | |

## REPORT AND RECOMMENDATION[1]

Pending before the court is plaintiff's motion for a preliminary injunction. (Doc. No. 17). For the reasons set forth below, the court will recommend that the plaintiff's motion be **DENIED**.

## I. BACKGROUND

By way of relevant background, on July 2, 2011, the plaintiff, who is confined at the State Correctional Institution at Waymart in Waymart, Pennsylvania ("SCI-Waymart") filed an amended complaint. (Doc. No. 16). On

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

that same day, the plaintiff also filed a motion for a preliminary injunction. (Doc. No. 17). More specifically, the plaintiff's motion for a preliminary injunction is based on (1) the circumstances surrounding the Green Corn Feast at SCI-Waymart, (2) past threats and searches of his cell by the search team at SCI-Waymart, and (3) a set of interrogatories that the defendants served him with on June 22, 2011. *Id.*

### Green Corn Feast

The plaintiff, who is a Native American, complains about the defendants actions with respect to the Green Corn Feast, a Native American religious festival. According to the plaintiff, on June 1, 2011, a meeting was held in order to discuss the details of the Green Corn Feast, and, at that meeting, defendant Karen Rodgers Sweeney, SCI-Waymart Program Coordinator; Mr. Stocklosa, SCI-Waymart Kitchen Supervisor; Chief Michael Taffe, Chief of the Eastern Delaware Nation, and the plaintiff were present. (Doc. No. 19 at 9-10). During the meeting, the following decisions were allegedly made: (1) the Native American community would not be permitted to pay for the Green Corn Feast, (2) the buffalo meat purchased for the Green Corn Feast was going to be prepared the same way beef is prepared, (3) the potatoes served at the Green Corn Feast would be mashed potatoes, (4) the items that would be

provided at the Green Corn Feast would be portioned controlled, (5) squash would not be served at the Green Corn Feast, and (6) upon completion of the "smudge," a type of blessing that involves a smudging pot, the smudging pot would then be placed outside. *Id.* The plaintiff claims that all of these decisions regarding the upcoming Green Corn Feast were more restrictive than ever before. *Id.* at 10.

Consequently, the plaintiff seeks that the court order the defendants to prepare the Green Corn Feast in a way that does not offend tradition or Native American religious beliefs anymore so than has been done in past years. (Doc. No. 17 at 10). In addition, the plaintiff seeks that the court appoint an "impartial authority to arbitrate any arguments that arise in the preparation of this feast." *Id.*

**Threats and Cell Searches**

On June 18, 2011, the SCI-Waymart search team allegedly searched plaintiff's cell, and confiscated a number of documents that related to the Native American community. (Doc. No. 19 at 10). Plaintiff alleges that he was permitted to have all of those items, and that those unidentified items were confiscated as a means of intimidating him so he would stop prosecuting this action. *Id.*

3

Plaintiff further alleges that, on June 19, 2011, and on June 20, 2011, the search team allegedly threatened to charge the plaintiff with "operating a store" out of his cell because he possessed numerous items from the commissary. *Id.* at 11. Plaintiff claims that he has never operated a store, and therefore, the threats by the Search Team were made to intimidate him so he would abandon this lawsuit. *Id.*

Consequently, the plaintiff seeks that this court issue a preliminary injunction that prohibits both unjustified searches and unwarranted threats by the Search Team. (Doc. No. 17 at 10).

**Defendants' First Set Interrogatories**

Finally, the plaintiff complains about a set of interrogatories he received from the defendants on June 22, 2011. (Doc. No. 19 at 8). It appears that plaintiff takes issue with that discovery request because an order dated May 25, 2011 permitted him to file an amended complaint. *Id.* As such, he insists that the defendants' request for information or documents was premature as the amended complaint had not yet been filed. *Id.* Furthermore, the plaintiff believes that this set of interrogatories was sent in order to "bury the plaintiff in paper" so he would not be able to prosecute this action. *Id.*

Consequently, the plaintiff requests that a preliminary injunction be

issued that indicates the court will not tolerate any abuse of the use of interrogatories in this action. (Doc. No. 17 at 10).

## II.   DISCUSSION

The Supreme Court has instructed that injunctive relief should be reserved for "extraordinary" situations. *Sampson v. Murray*, 415 U.S. 61, 88 (1974). In following that instruction, the Third Circuit has held that the granting of injunctive relief is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. *Warner Bros. Pictures v. Gittone*, 110 F.2d 292 (3d Cir. 1940). Further, the Third Circuit has insisted that "the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." *Adams v. Freedom Forge Corporation*, 204 F.3d 475 (3d Cir. 2000) (citing *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992); *Frank's GMC Truck Center*, 847 F.2d 100, 102-03 (3d Cir. 1988)).

In considering a motion for injunctive relief, the district court must consider: (1) whether the movant has shown probability of success on the

merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *Brian B. v. Commonwealth*, 230 F.3d 582 (3d Cir. 2000).

### A. Green Corn Feast

As indicated in plaintiff's motion for a preliminary injunction, the Green Corn Feast was scheduled to take place on September 14, 2011. Because the Green Corn Feast has already occurred, it appears that the court is unable to award the injunctive relief the plaintiff is seeking. Specifically, the court cannot now order the defendants to prepare the food for the Green Corn Feast in a certain manner, or appoint an "impartial authority to arbitrate any arguments that arise in the preparation of this feast." (Doc. No. 17 at 10). Therefore, to the extent the plaintiff has sought injunctive relief with respect to the Green Corn Feast, the court recommends that the plaintiff's motion for a preliminary injunction be denied as moot. *See Laurensau v. Folino*, No. 10-0065, 2011 U.S. Dist. LEXIS 29742, at *2 (W.D. Pa. Mar. 23, 2011) (Where a plaintiff seeks injunctive relief for prison conditions to which he is no longer subject, there is no longer a live controversy and a court cannot grant that injunctive relief.).

### B. Cell Search and Threats

To the extent the plaintiff seeks injunctive relief due to the alleged searches of his cell, and threats made by the search team at SCI-Waymart, the defendants argue that the plaintiff's motion for injunctive relief should be denied. The court agrees. Assuming *arguendo* that the search team searched his cell and confiscated his property, as well as made the alleged threats, such conduct does not amount to a constitutional violation, and, therefore, it does not appear that injunctive relief is warranted. *See Booth v. King*, 228 Fed. Appx. 167, 172 (3d Cir. 2007) ("absent any allegation of physical harm, the defendants' verbal threats do not amount to a constitutional violation"); *Balliet v. Whitmire*, 626 F. Supp. 219, 229 (M.D. Pa. 1986) (verbal abuse is not a civil rights violation); *Ball v. Oden*, No. 09-0847, 2010 U.S. Dist. LEXIS 45352, at *16 (M.D. Pa. May 10, 2010) ("The Supreme Court of the United States has held that 'society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.' . . . As such, Ball's claim that the searches of her cell and property violated her constitutional rights fail to state a claim for relief. The seizure of Ball's

7

legal mail therefore cannot constitute a Fourth Amendment violation."). Therefore, the court recommends that the plaintiff's motion for a preliminary injunction regarding the alleged cell searches and threats by the search team at SCI-Waymart be denied.[2]

### C.   Defendants' First Set of Interrogatories

Finally, to the extent plaintiff complains about defendants' counsel's service of the first set of interrogatories upon him, the defendants argue that such a claim does not warrant injunctive relief. The court agrees.

Rule 33 permits interrogatories to be served upon a plaintiff who brings claims in a federal court. *See* Fed. R. Civ. P. 33. Accordingly, it does not appear that plaintiff's rights, constitutional or otherwise, were violated by the defendants serving him with a set of interrogatories. Moreover, if the plaintiff wished to challenge the timing or substance of the interrogatories, he could have requested an extension of time or filed objections to the interrogatories. Therefore, it does not appear to the court that extraordinary relief such as a

---

[2] The court notes that the plaintiff has made some vague allegations that the alleged cell searches somehow interfered with his access to this court. However, it does not appear to the court that injunctive relief would be warranted as there is no indiction that plaintiff has suffered an actual injury, i.e., that the defendants hindered his efforts to pursue a legal claim. *See Tourscher v. McCullough*, 184 F.3d 236, 242 (3d Cir. 1999).

preliminary injunction is warranted. *See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)* (It is a movant's burden to show that the preliminary injunction must be the only way of protecting the plaintiff from harm.).[3]

### III. RECOMMENDATION[4]

On the basis of the foregoing, **IT IS RECOMMENDED THAT**, the plaintiff's motion for a preliminary injunction, (Doc. No. 17), be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

**DATE: September 22, 2011**
O:\shared\REPORTS\2011 Reports\11-0396-01.wpd

---

[3] As a final matter, the court notes that an alternative reason for denying the plaintiff's motion for a preliminary injunction based on the cell searches, threats and interrogatories, is that injunctive relief is aimed at preventing future harm, and the injunctive relief plaintiff seeks is based on alleged past violations. Consequently, the court cannot find that absent injunctive relief, the plaintiff will suffer irreparable harm. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000) (citing *Campbell Soup Co.*, 977 F.2d at 91).

[4] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.